UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTONIO TOLBERT,

    Petitioner,

v.

    Case No. 2:07-cv-12457

    HONORABLE STEPHEN J. MURPHY, III

JAN TROMBLEY,

    Respondent.

_____/

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL

### I. INTRODUCTION

Petitioner Antonio Tolbert ("Tolbert"), a state prisoner currently confined at the Ryan Correctional Facility in Detroit, Michigan,[1] has filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 asserting that he is being held in violation of his constitutional rights. Tolbert was convicted of possession with intent to deliver between 50 and 449 grams of cocaine, Mich. Comp. L. § 333.7401(2)(a)(iii), following a jury trial in the Wayne County Circuit Court. In 2005, he was sentenced as a third habitual offender, Mich. Comp. L. § 750.11, to 12 to 20 years imprisonment.

In his pleadings, Tolbert raises claims concerning the right of confrontation, the right to an impartial jury, the effectiveness of trial counsel, and prosecutorial misconduct.

---

[1]At the time he instituted this action, Tolbert was confined at the Saginaw Correctional Facility in Freeland, Michigan where Respondent Jan Trombley is the warden.

1

Respondent Jan Trombley has filed an answer to the petition contending that it should be denied because the claims lack merit and/or are barred by procedural default. For the reasons stated herein, the Court denies the petition for writ of habeas corpus. The Court also denies a certificate of appealability and leave to proceed in forma pauperis on appeal.

## II.  FACTS AND PROCEDURAL HISTORY

Tolbert's conviction arises from a drug sting in Detroit, Michigan on March 12, 2004. The Michigan Court of Appeals set forth the underlying facts of the crime, which are presumed correct on habeas review, *see Monroe v. Smith*, 197 F. Supp 2d 753, 758 (E.D. Mich. 2001), *aff'd.* 41 Fed. Appx. 730 (6th Cir. 2002), as follows:

> Defendant's conviction stems from an attempted drug transaction that occurred in Detroit on March 12, 2004. Police received a tip from a confidential informant that defendant was "supposed to be dropping off cocaine" in a green Chevrolet Malibu at a store on the date in question. Police set up surveillance at the location and eventually saw defendant in a green Chevrolet Malibu. When police attempted to stop the vehicle, it accelerated and the police pursued it until the Malibu pulled to the side of the road and stopped. Defendant exited the vehicle and ran away on foot holding a "white bag" in his right hand. As he ran, defendant threw the "white bag" onto the roof of a house. Police outflanked defendant in the foot race and apprehended him. Police also recovered the "white bag." FN1
>
> FN1. Forensic testing showed that the "white bag" contained 371.2 grams of cocaine with an estimated street value of more than $12,000.
>
> During police questioning, defendant indicated that he was transporting cocaine to drop it off for another person referred to as "G" who the police believed to be a "major dealer." Defendant indicated that he was interested in assisting the police with an ongoing narcotics investigation and so the police released defendant. Because defendant did not cooperate with or contact the police after his release, the police arrested him pursuant to a subsequent arrest warrant. Thereafter, a jury convicted defendant as charged.

*People v. Tolbert*, No. 262792, 2006 WL 2924577, *1 (Mich. Ct. App. Oct. 12, 2006) (per curiam).

Following his conviction and sentencing, Tolbert filed an appeal as of right with the

2

Michigan Court of Appeals raising several claims of error, including those presented on habeas review. The Michigan Court of Appeals affirmed his conviction and sentence. *Id*. Tolbert then filed an application for leave to appeal with the Michigan Supreme Court, which was denied. *See People v. Tolbert*, 477 Mich. 1058 (2007).

Tolbert thereafter filed the present petition, raising the following claims as grounds for habeas relief:

> I. The trial court's refusal to allow information about the confidential informant was an abuse of discretion which denied him his Sixth Amendment right to confrontation and due process of law.
>
> II. The state courts were incorrect when they found that the violation of his right to confrontation was a harmless error because the incriminating testimony could not be deemed harmless.
>
> III. The trial court committed reversible error and denied him his state and federal rights to a fair trial by an impartial jury by refusing to excuse as alternates two jurors who evidenced their pre-disposition to convict by verbalizing their opinions to defense counsel during closing argument.
>
> IV. He was denied the effective assistance of trial counsel by counsel's failure to: (1) file for an evidentiary hearing on his unsigned confession dated two days before the incident, (2) file a motion for discovery, (3) object to an unsigned confession at trial, and (4) object to evidence that was dated before the incident.
>
> V. He was denied his right to a fair trial and due process of law because the prosecutor engaged in misconduct by: (1) failing to provide full discovery information on the unnamed informant, (2) calling him a liar even though he did not testify, and (3) failing to investigate and/or withholding evidence.

Respondent, through the Michigan Attorney General's Office, has filed an answer to the petition contending that it should be denied.

## III. STANDARD OF REVIEW

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 *et seq.,* govern this case because Tolbert filed his

3

habeas petition after the AEDPA's effective date. *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). AEDPA provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d) (1996).

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court] cases' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)); *see also Bell v. Cone*, 535 U.S. 685, 694 (2002). "[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts' of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413); *see also Bell*, 535 U.S. at 694. "In order for a federal court to find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (internal citations omitted); *see*

4

also *Williams*, 529 U.S. at 409.

Section 2254(d)(1) limits a federal court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision. *See Williams*, 529 U.S. at 412; *see also Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003). Section 2254(d) "does not require citation of [Supreme Court] cases – indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002); *see also Mitchell*, 540 U.S. at 16. While the requirements of "clearly established law" are to be determined solely by the holdings of the Supreme Court, the decisions of lower federal courts are useful in assessing the reasonableness of the state court's resolution of an issue. *See Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003); *Dickens v. Jones*, 203 F. Supp 2d 354, 359 (E.D. Mich. 2002).

Lastly, section 2254(e)(1) requires that this Court presume the correctness of state court factual determinations. 28 U.S.C. § 2254(e)(1). A habeas petitioner may rebut this presumption only with clear and convincing evidence. *Id.*; *Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998).

### IV. ANALYSIS

A.   Confidential Informant/Confrontation Claims

Tolbert first asserts that he is entitled to habeas relief because the state trial court violated his confrontation rights by admitting the confidential informant's statements to police officers implicating him in the crime without producing the informant at trial. Tolbert further asserts that such an error was not harmless due to the incriminating nature of the confidential informant's statements. At trial, Police Officer Brian Watson testified that he

5

spoke to a confidential informant and that the informant told him that Tolbert would be in a green Chevy at a party store dropping off cocaine. The police based their surveillance on this information, which led to Tolbert's drug arrest.

In *Crawford v. Washington*, 541 U.S. 36, 54 (2004), the United States Supreme Court held that the testimonial statement of a witness who does not appear at trial is inadmissible unless the witness is unavailable to testify and the defendant has had a prior opportunity to cross-examine the witness. Testimonial statements include preliminary hearing testimony, grand jury testimony, prior trial testimony, and statements made during police interrogations. *Id.* Testimonial statements also include statements made by confidential informants to police. *See United States v. Cromer*, 389 F.3d 662, 675 (6th Cir. 2004). Consequently, the use of a confidential informant's statements at trial to prove the truth of the matter asserted violates the Confrontation Clause if the witness does not testify and there has been no prior opportunity for cross-examination.

In this case, the Michigan Court of Appeals found that the admission of the confidential informant's statements at trial violated the Confrontation Clause, but concluded that the error was harmless beyond a reasonable doubt. The court explained:

> However, after a review of the entire record, we find the violation to be harmless. "Harmless error analysis applies to claims concerning Confrontation Clause errors." *Shepherd, supra* at 348. "[A] reviewing court must 'conduct a thorough examination of the record' in order to evaluate whether it is clear, beyond a reasonable doubt, that the jury verdict would have been the same absent the error." *Id.*, quoting *Neder v. United States*, 527 U.S. 1, 19; 119 S Ct 1827; 144 L.Ed.2d 35 (1999). The admission of evidence that violates a defendant's right to confrontation is not harmless if "the 'minds of an average jury' would have found the prosecution's case 'significantly less persuasive' " without the evidence. *People v. Banks*, 438 Mich. 408, 430; 475 NW2d 769 (1991), quoting *Schneble v. Florida*, 405 U.S. 427, 432; 92 S Ct 1056; 31 L.Ed.2d 340 (1972).
>
> It is clear beyond a reasonable doubt that the jury would have convicted defendant absent the trial court's admission of the confidential informant's

6

>statements. First, the prosecution presented eyewitness testimony of the arresting officers identifying that defendant possessed the white plastic bag of cocaine and that defendant attempted to flee from the officers during his arrest. Officers Theodore Talbert and Keith Bullard both testified they saw defendant run from the vehicle after it stopped. During the foot chase, Bullard saw defendant throw the white plastic bag onto a roof. Subsequent testing of the contents of the bag revealed that it contained 371.2 grams of cocaine. Second, video footage of defendant's flight from the automobile offered at trial showed that defendant fled from the vehicle holding the white plastic bag of cocaine in his hand. The police officers descriptions of defendants' clothes matched the description of the person shown on the videotape. Finally, the jury considered defendant's written confession at trial, wherein he admitted to knowingly possessing cocaine that he intended to deliver to another person. Thus, in light of the foregoing evidence, a reasonable jury would not have "found the prosecution's case 'significantly less persuasive' " without Watson's testimony regarding the confidential informant's statements. *Banks, supra* at 430, quoting *Schneble, supra* at 432. Any error was harmless beyond a reasonable doubt.

*Tolbert*, 2006 WL 2924577 at *3.

The Michigan Court of Appeals' decision is neither contrary to Supreme Court precedent nor an unreasonable application of federal law or the facts. For purposes of federal habeas review, a constitutional error that implicates trial procedures is considered harmless if it did not have a "substantial and injurious effect or influence in determining the jury's verdict." *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993); *see also O'Neal v. McAninch*, 513 U.S. 432, 445 (1995) (habeas court should grant petition if it has "grave doubt" about whether trial error had substantial and injurious effect or influence upon the jury's verdict). Confrontation errors are subject to harmless error analysis. *See Delaware v. VanArsdall*, 475 U.S. 673, 684 (1986); *Schneble v. Florida*, 405 U.S. 427, 430 (1972). Given the significant evidence of guilt presented at trial, particularly the police officers' testimony recounting their observations of Tolbert during the incident, the video footage of the stop of Tolbert's vehicle and his flight, the confiscated drugs, and Tolbert's own confession, the Court concludes that any error in admitting the confidential informant's

7

statements was harmless beyond a reasonable doubt. Habeas relief is therefore not warranted on this claim.

B. Jury Bias Claim

Tolbert next asserts that he is entitled to habeas relief because the trial court violated his right to an impartial jury by refusing to excuse as alternates two jurors who expressed disagreement with defense counsel's closing arguments. Specifically, Juror Four stated, "don't insult my intelligence," and Juror Eight stated, "I don't want to hear that crap, blah, blah, blah." *Tolbert*, 2006 WL 2924577 at *4. Defense counsel moved to have both jurors removed as alternates, but the trial court denied the request finding that the jurors merely verbalized their thoughts, akin to facial expressions or body language indicating disagreement with counsel's remarks.

"The Sixth and Fourteenth Amendments guarantee a criminal defendant an impartial jury in state court." *Mahdi v. Bagley*, 522 F.3d 631, 636 (6th Cir. 2008) (citing *Ristaino v. Ross*, 424 U.S. 589, 595 n. 6 (1976), and *Irvin v. Dowd*, 366 U.S. 717, 722 (1961)). However, jurors are presumed to be impartial, *United States v. Guzman*, 450 F.3d 627, 629 (6th Cir. 2006) (citing *Irvin*, 366 U.S. at 723), *cert denied*, 549 U.S. 1185 (2007), and "due process does not require a new trial every time a juror has been placed in a potentially compromising situation .... Due process means a jury capable and willing to decide the case solely on the evidence before it ...." *Smith v. Phillips*, 455 U.S. 209, 217 (1982). The petitioner bears the burden of proving that the jury was biased. *See United States v. Wheaton*, 517 F.3d 350. 362 (6th Cir. 2008).

Recognizing a criminal defendant's right to an impartial jury, the Michigan Court of Appeals nonetheless denied relief on this claim finding that the jurors' remarks were merely a "juror thought process" that was verbalized during trial. The court further found

that Tolbert failed to show that the jurors were exposed to any extraneous influences which could have affected the verdict. The court also found that the trial court cured any alleged error by instructing the jurors that they could consider only properly-admitted evidence and by explaining what constitutes evidence. See *Tolbert*, 2006 WL 2924577 at *4.

The Michigan Court of Appeals' decision is neither contrary to Supreme Court precedent nor an unreasonable application thereof. The record indicates that the two jurors expressed disagreement with counsel's closing argument, not that they were pre-disposed to convict his client based upon anything other than the evidence presented at trial. The mere possibility of a juror's preconceived notion of the guilt or innocence of an accused is insufficient to undermine a court's confidence in the outcome of a case. See *Lordi v. Ishee*, 384 F.3d 189, 195 (6th Cir. 2004). In this case, there is no evidence of extraneous influence upon the jury, and the state court reasonably determined that the jurors' comments were verbalizations of their thought processes. There is also the possibility that the jurors reconsidered their views during deliberations and rendered a decision based on the evidence. See *Greene v. Lafler*, 447 F. Supp. 2d 780, 789 (E.D. Mich. 2006) (denying habeas relief on jury misconduct claim involving juror's pre-deliberation remarks favoring conviction). "But the only way to be certain would be to conduct an investigation into the deliberation process itself, which, of course, is forbidden with good reason, as the Supreme Court explained in [*Tanner v. United States*, 483 U.S. 107, 120-21 (1987)]." *Id*.

Moreover, any potential prejudice arising from the jurors' remarks was alleviated by the trial court's instructions to the jury regarding the proper consideration of the case and the evidence presented at trial. Jurors are presumed to following the trial court's

9

instructions. *See Penry v. Johnson*, 532 U.S. 782, 799 (2001) (citing *Richardson v. Marsh*, 481 U.S. 200, 211 (1987)); *United States v. Powell*, 469 U.S. 57, 66 (1984) ("Jurors...take an oath to follow the law as charged, and they are expected to follow it."). Accordingly, while the Court does not condone the jurors' actions in commenting on counsel's closing argument, the Court cannot say that their conduct deprived Tolbert of his right to a fair trial by an impartial jury. Habeas relief is not warranted on this claim.

C.     Ineffective Assistance of Counsel Claims

Tolbert also asserts that he is entitled to habeas relief because trial counsel was ineffective for failing to request an evidentiary hearing on his unsigned confession allegedly dated two days before the incident and for failing to seek its suppression at trial, for failing to file a discovery motion to obtain the police video, and for failing to object to the admission of the drug report dated months before the incident.

In *Strickland v. Washington,* 466 U.S. 668 (1984), the United States Supreme Court set forth a two-pronged test for determining whether a habeas petitioner has received the ineffective assistance of counsel. First, a petitioner must prove that counsel's performance was deficient. This requires a showing that counsel made errors so serious that he or she was not functioning as counsel as guaranteed by the Sixth Amendment. 466 U.S. at 687. Second, the petitioner must establish that the deficient performance prejudiced the defense. Counsel's errors must have been so serious that they deprived the petitioner of a fair trial or appeal. *Id.*

With respect to the performance prong, a petitioner must identify acts that were "outside the wide range of professionally competent assistance" in order to prove deficient performance. *Id.* at 690. The reviewing court's scrutiny of counsel's performance is highly deferential. *Id.* at 689. The court must recognize that counsel is strongly presumed to

have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. *Id.* at 690.

To satisfy the prejudice prong under *Strickland*, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Id.* at 694.  A reasonable probability is one that is sufficient to undermine confidence in the outcome.  *Id.*  "On balance, 'the benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the [proceeding] cannot be relied on as having produced a just result." *McQueen v. Scroggy*, 99 F.3d 1302, 1311-12 (6th Cir. 1996) (quoting *Strickland*, 466 U.S. at 686).

Tolbert first asserts that counsel was ineffective for failing to object before and during trial to the admission of his written confession.  Tolbert contends that his confession was unsigned and was dated two days before the incident and should have been suppressed.  The Michigan Court of Appeals denied relief on this claim finding that Tolbert failed to establish that counsel was deficient or that he was prejudiced by counsel's conduct.  The court explained that Tolbert's claim was belied by the record because although Officer Watson acknowledged that part of Tolbert's confession was erroneously dated, he also testified that Tolbert initialed and signed his confession on March 12, 2004. The court further found that there was no evidence that Tolbert's confession was not knowing, voluntary, and intelligent.  Additionally, the court determined that Tolbert could not establish that he was prejudiced by counsel's conduct because there was significant other evidence of his guilt presented at trial.  *See Tolbert*, 2006 WL 2924577 at *5-6.

This decision is neither contrary to *Strickland* nor an unreasonable application thereof.  Defense counsel had no reasonable basis for seeking to exclude Tolbert's written

11

confession. While there are some inaccuracies and/or inconsistencies in the paperwork, Officer Watson testified that he took Tolbert's statement on March 12, 2004 and that Tolbert initialed and signed it on that date. There is no indication in the record that the confession was involuntary and Tolbert has failed to allege facts to support such a claim. Conclusory allegations, without evidentiary support, do not provide a basis for habeas relief. *See Cross v. Stovall*, 238 Fed. Appx. 32, 39-40 (6th Cir. 2007); *Workman v. Bell*, 178 F.3d 759, 771 (6th Cir. 1998) (conclusory allegations of ineffective assistance of counsel do not justify federal habeas relief); *see also Washington v. Renico*, 455 F.3d 722, 733 (6th Cir. 2006) (bald assertions and conclusory allegations do not provide sufficient basis to hold an evidentiary hearing in habeas proceedings). Defense counsel cannot be deemed deficient for failing to make a meritless or futile motion. *See McQueen*, 99 F.3d at 1328.

Furthermore, defense counsel was able to use the inaccuracies/inconsistencies in the paperwork to challenge the police officers' credibility and the quality of their investigation. The fact that trial counsel's strategy was ultimately unsuccessful does not mean that counsel was ineffective. *See, e.g., Moss v. Hofbauer*, 286 F.3d 851, 859 (6th Cir. 2002) (an ineffective assistance of counsel claim "cannot survive so long as the decisions of a defendant's trial counsel were reasonable, even if mistaken"). Given such circumstances, Tolbert has failed to demonstrate that counsel was deficient. Tolbert has also failed to establish that he was prejudiced by counsel's conduct, as required by *Strickland*, as this seems to be the rare occasion when the admission of a confession was harmless due to the other significant evidence of Tolbert's guilt, including the eyewitness police testimony, the video footage, and the confiscated cocaine. Habeas relief is therefore not warranted on this claim.

Tolbert also asserts that trial counsel was ineffective for failing to file a discovery request to obtain the police video in advance of trial, which he claims would have provided exculpatory evidence that the police were looking for another person in a different car. It is well-established that defense counsel has a duty to conduct a reasonable investigation into the facts of a defendant's case, or to make a reasonable determination that such investigation is unnecessary. *See Wiggins v. Smith*, 539 U.S. 510, 522-23 (2003); *Strickland*, 466 U.S. at 691; *Stewart v Wolfenbarger*, 468 F.3d 338, 356 (6th Cir. 2007); *Towns v. Smith*, 395 F.3d 251, 258 (6th Cir. 2005); *O'Hara v. Wiggington*, 24 F.3d 823, 828 (6th Cir. 1994). "American Bar Association standards ... also mandate counsel's duty to investigate all leads relevant to the merits of the case." *Blackburn v. Foltz*, 828 F.2d 1177, 1183 (6th Cir. 1987); *see also Rompilla v. Beard*, 545 U.S. 374, 387 (2005) (noting that the ABA standards provide guidance for determining the reasonableness of counsel's conduct).

The Michigan Court of Appeals denied relief on this claim finding that the prosecutor provided defense counsel with the video at the start of trial and that Tolbert had not shown that he was prejudiced by counsel's failure to request or obtain the video previously. *See Tolbert*, 2006 WL 2924577 at *6. This decision is neither contrary to Supreme Court precedent nor an unreasonable application of the law or the facts. The record reveals that the video may have been missing for a period of time and that the prosecutor did not receive the video until the first day of trial when it was also made available to the defense. Given such circumstances, it cannot be said that defense counsel was deficient for failing to request it before trial. More importantly, Tolbert has failed to establish that he was prejudiced. First, the video was inculpatory and did not assist the defense. Second, defense counsel had sufficient opportunity to review the video and make any objections

13

to its admission at the time of trial. Tolbert has failed to establish that there is a reasonable probability that the result of the proceeding would have been different had counsel made a pre-trial discovery request for the video. Habeas relief is not warranted on this issue.

Lastly, Tolbert contends that trial counsel was ineffective for failing to object to the forensic chemist's testimony that he received the white plastic bag of cocaine on January 26, 2004 – well before the commission of the crime. A police officer testified that he gave the plastic bag to the lab for analysis at the end of June, 2004. The Michigan Court of Appeals denied relief on this claim finding that any date dispute went to the weight and credibility of the evidence, rather than its admissibility, and finding that counsel "may have determined that the conflicting testimony was favorable to the defendant's case because it tended to cast doubt on the officers' investigation." *Tolbert*, 2006 WL 2924577 at *7.

The Michigan Court of Appeals' decision is neither contrary to *Strickland* nor an unreasonable application thereof. Assuming that the transcript of the chemist's testimony is accurate, defense counsel did not err in failing to object to its admission. The discrepancy in the dates goes to the credibility of the evidence, not its admissibility. As noted, defense counsel cannot be deemed deficient for failing to make a futile objection. *See McQueen*, 99 F.3d at 1328. Moreover, counsel appears to have made a reasonable and strategic decision to use the discrepancy in the dates to discredit the police investigation of the crime. Counsel was therefore not deficient. Tolbert has failed to establish that trial counsel was ineffective under the standard set forth in *Strickland*. Habeas relief is not warranted on these claims.

D.   Prosecutorial Misconduct Claims

Lastly, Tolbert asserts that he is entitled to habeas relief because the prosecutor

14

engaged in misconduct by failing to provide discovery about the confidential informant, by failing to investigate and/or withholding evidence, and by calling him a liar during closing arguments even though he did not testify. The United States Supreme Court has stated that prosecutors must "refrain from improper methods calculated to produce a wrongful conviction." *Berger v. United States*, 295 U.S. 78, 88 (1935). To prevail on a prosecutorial misconduct claim, a habeas petitioner must demonstrate that the prosecutor's remarks or conduct "so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974).

The United States Court of Appeals for the Sixth Circuit has adopted a two-part test for determining whether prosecutorial misconduct violates a defendant's due process rights. *See Macias v. Makowski*, 291 F.3d 447, 452 (6th Cir. 2002). First, the court must determine whether the challenged statements were indeed improper. *Id.* at 452. Upon a finding of impropriety, the court must decide whether the statements were flagrant. *Id.* Flagrancy is determined by an examination of four factors: 1) whether the statements tended to mislead the jury or prejudice the accused; 2) whether the statements were isolated or among a series of improper statements; 3) whether the statements were deliberately or accidentally before the jury; and 4) the total strength of the evidence against the accused. *Id.*; *see also Broom v. Mitchell*, 441 F.3d 392, 412-13 (6th Cir. 2006). "[T]o constitute the denial of a fair trial, prosecutorial misconduct must be 'so pronounced and persistent that it permeates the entire atmosphere of the trial,' or 'so gross as probably to prejudice the defendant.'" *Pritchett v. Pitcher*, 117 F.3d 959, 964 (6th Cir. 1997) (internal citations omitted).

Tolbert first asserts that the prosecutor engaged in misconduct by failing to disclose police reports concerning the confidential informant prior to trial. A prosecutor's failure to

15

disclose evidence favorable to the defense constitutes a denial of due process "where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Brady v. Maryland*, 373 U.S. 83, 87 (1963). Favorable evidence is material "if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *United States v. Bagley*, 473 U.S. 667, 682 (1985); *see also Kyles v. Whitley*, 514 U.S. 419, 432-36 (1995); *Giglio v. United States*, 405 U.S. 150, 154-55 (1972). The *Brady* rule only applies to "the discovery, after trial, of information which had been known to the prosecution but unknown to the defense." *United States v. Agurs*, 427 U.S. 97, 103 (1976). There is no *Brady* violation if the defendant knew or should have known the essential facts permitting him to take advantage of the information in question, or if the information was available to him from another source. *See Carter v. Bell*, 218 F.3d 581, 601-03 (6th Cir. 2000); *Coe v. Bell*, 161 F.3d 320, 344 (6th Cir. 1998). Thus, in order to establish a *Brady* claim, a petitioner must show that: (1) evidence was suppressed by the prosecution in that it was not known to the petitioner and not available from another source; (2) the evidence was favorable or exculpatory; and (3) the evidence was material to the question of the petitioner's guilt. *Carter*, 218 F.3d at 601; *see also Strickler v. Greene*, 527 U.S. 263, 281-82 (1999). The petitioner bears the burden of establishing a *Brady* violation. *Carter*, 218 F.3d at 601.

The Michigan Court of Appeals denied relief on this claim finding that Tolbert's argument was unsupported because the record revealed that the defense "was supplied with a copy of the police reports prior to trial and that they referenced a confidential informant." The court explained that "the preliminary complaint records indicated that the police officers were looking for a 'target' vehicle, that the investigating officers 'were armed with information regarding vehicle and passenger to be stopped for trafficking of illegal

16

narcotics.'" *Tolbert*, 2006 WL 2924577 at *7. The court concluded that Tolbert failed to show that the prosecutor suppressed or destroyed exculpatory information. *Id.*

The Michigan Court of Appeals' decision is neither contrary to Supreme Court precedent nor an unreasonable application thereof. First, the record indicates that the prosecution disclosed the available police reports before trial. The fact that those reports did not specifically identify a confidential informant does not mean that the prosecution failed to properly disclose information. More importantly, the record shows that defense counsel was aware that the police had based their surveillance on information received from a confidential informant at the time of trial. In fact, the parties argued a motion to exclude the confidential informant's statements at the start of trial. Second, neither the fact of the confidential informant nor the substance of what he or she told the police was exculpatory or favorable to the defense. To the contrary, the confidential informant's statements to the police indicated that Tolbert was intending to deliver cocaine. Consequently, Tolbert has failed to establish a *Brady* violation or that the prosecutor engaged in misconduct.

Tolbert also asserts that the prosecutor engaged in misconduct by failing to show the jury the entire police surveillance video involving the vehicular stop and his flight. The Michigan Court of Appeals denied relief on this claim finding that the prosecutor made a good faith effort to admit relevant evidence of the police pursuit of the vehicle, the stop, and Tolbert's flight from the vehicle. The court further concluded that the prosecutor's conduct did not deprive Tolbert of a fair trial. *See Tolbert*, 2006 WL 2924577 at *8.

The Michigan Court of Appeals' decision is neither contrary to Supreme Court precedent nor an unreasonable application thereof. The prosecutor utilized the portion of the video deemed relevant for the case, but the entire video was made available to both

17

parties at the time of trial. Defense counsel had the opportunity to seek admission of additional portions of the video, but did not do so successfully. Given such circumstances, Tolbert cannot establish that the prosecutor withheld exculpatory evidence or otherwise engaged in misconduct.

Lastly, Tolbert asserts that the prosecutor engaged in misconduct by calling him a "liar" during closing arguments even though he did not testify at trial. The Michigan Court of Appeals denied relief on this claim finding that the prosecutor properly argued from the evidence that Tolbert lied when he told the police that he ran from them following the stop of his vehicle because he had a warrant out for his arrest, not because he possessed cocaine with a street value of $12,000. *See Tolbert*, 2006 WL 2924577 at *8.

The Michigan Court of Appeals' decision is neither contrary to Supreme Court precedent nor an unreasonable application thereof. While Tolbert did not testify at trial, his confession was admitted into evidence. It is well-settled that a prosecutor may argue from the facts that a witness, including a defendant, is or is not worthy of belief. *See Portuondo v. Agard*, 529 U.S. 61, 69 (2000). Moreover, the prosecutor's argument was based upon the evidence presented at trial. *See Byrd v. Collins*, 209 F.3d 486, 535 (6th Cir. 2000) (a prosecutor may make arguments based upon reasonable inferences from the evidence). The prosecutor's argument supported the theory that Tolbert possessed the cocaine at the time he fled his vehicle and that he ran from the police for that reason. Such an argument was proper.

Moreover, even if the argument was improper, it was not so flagrant as to render the trial fundamentally unfair. In other words, any such error was harmless. As noted, a constitutional error that implicates trial procedures is considered harmless if it did not have a "substantial and injurious effect or influence in determining the jury's verdict." *Brecht*,

507 U.S. at 637; *see also O'Neal*, 513 U.S. at 445. Harmless error analysis applies to claims of prosecutorial misconduct. *See Mason v. Mitchell*, 320 F.3d 604, 635 (6th Cir. 2003); *Maurino v. Johnson*, 210 F.3d 638, 644 (6th Cir. 2000). Given the evidence of guilt presented at trial, any improper conduct on the part of the prosecutor did not have a substantial or injurious effect or influence on the jury's verdict. Habeas relief is not warranted on these claims.[2]

E.  Certificate of Appealability

Before Petitioner may appeal this Court's dispositive decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims. *Id.* at 336-37.

Having considered the matter, the Court concludes that Petitioner has not made a substantial showing of the denial of a constitutional right as to his habeas claims. Accordingly, the Court will decline to issue a certificate of appealability. The Court will also

---

[2]Given this determination, the Court need not address the respondent's procedural default argument.

19

deny Petitioner leave to proceed in forma pauperis on appeal because such an appeal would be frivolous. See Fed. R. App. P. 24(a).

## V.  CONCLUSION AND ORDER

For the reasons stated, the Court concludes that Petitioner Antonio Tolbert is not entitled to federal habeas relief on the claims contained in his petition. Accordingly, the Court **DENIES WITH PREJUDICE** the petition for writ of habeas corpus.

**IT IS FURTHER ORDERED** that the Court **DECLINES** to issue Tolbert a certificate of appealability and an application for leave to appeal *in forma pauperis*.

**SO ORDERED**.


s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated:  October 9, 2009

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on October 9, 2009, by electronic and/or ordinary mail.

s/Alissa Greer
Case Manager